UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID BOZELL, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) No. 1:23-cv-01226-JMS-MG |
| | ) |
| DRAKE MADDIX and DYLAN PRATHER, | ) |
| | ) |
| *Defendants*. | ) |

**ENTRY DISCUSSING MOTION TO SCREEN COMPLAINT, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

*Pro se* Plaintiff David Bozell filed a Complaint and Amended Complaint against Defendants Detective Drake Maddix and Officer Dylan Prather in Bartholomew Superior Court and Defendants removed the case to this Court on July 13, 2023. [Filing No. 1; Filing No. 1-1.] Pending before the Court is a Motion to Screen Complaint and to Stay Responsive Pleading Deadline Pending Screening filed by Officer Prather. [Filing No. 7.]

**I.**
**MOTION TO SCREEN COMPLAINT AND TO STAY RESPONSIVE PLEADING DEADLINE PENDING SCREENING**

In his Motion to Screen, Officer Prather notes that when Mr. Bozell filed his Complaint and an Amended Complaint in Bartholomew Superior Court, he listed his address as the Bartholomew County Jail. [Filing No. 7 at 1.] Officer Prather acknowledges that Mr. Bozell has since been released from custody, but argues that the Court should screen his Amended Complaint pursuant to 28 U.S.C. § 1915A(a), which requires a court to screen complaints in civil actions in which prisoners seek redress from an officer or employee of a governmental entity. [Filing No. 7 at 2.] Officer Prather argues that, alternatively, the Court can screen the Amended Complaint pursuant to its inherent authority. [Filing No. 7 at 2.] Officer Prather requests that, if the Court

1

screens Mr. Bozell's Amended Complaint, the deadline for Defendants to respond should be "stayed pending the screening order." [Filing No. 7 at 4.]

28 U.S.C. §1915A provides that "[t]he court shall review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint…is frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." While §1915A does not explicitly address the circumstances presented here – where the plaintiff was an inmate when he filed his complaint, but has since been released – the Court finds that it is appropriate to screen the Amended Complaint since Mr. Bozell was incarcerated when he filed it.

The Court also has the inherent authority to screen Mr. Bozell's Amended Complaint. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). Even if it is not required to screen the Amended Complaint pursuant to §1915A, the Court elects to do so based on its inherent authority.

Accordingly, the Court **GRANTS IN PART** Officer Prather's Motion to Screen, [Filing No. 7], to the extent that it screens Mr. Bozell's Amended Complaint below. The Court **DENIES IN PART AS MOOT** Officer Prather's Motion to Screen, [Filing No. 7], to the extent that Officer Prather requests that the Court stay the deadline for Defendants to respond to the Amended Complaint. As discussed below, Mr. Bozell's Amended Complaint does not state a viable claim and is dismissed.

## II.
### SCREENING

**A.     Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**B.     The Amended Complaint**

Mr. Bozell sets forth the following allegations in his Amended Complaint, which the Court must accept as true at this time:

> On or about May 12th 3 am Mr. Bozell was pulled over and during the traffic stop it was confirmed that Mr. Bozell had active warrants. During this time Mr. Bozell rec[e]ived charges of False Iden[t]ity Statement, Possession of Paraphernalia and Driving While Suspended w/ prior. During the time Mr. Bozell was being patted down Mr. Bozell refused to answer Deputy Bryant[']s questions and remained silent besides saying "Drake screwed me last time. I don't have much to say" something to that extent. While being placed in the back of Deputy Cooper[']s car Mr. Bozell noticed a car pull behind Mr. Bryant[']s and which at that time Mr. Bryant had came to the (right back) door asking questions Mr. Bozell had not answered. Wasn't until Ofc Prather had came to the car opened door again which Mr. Bozell had learned Det. Maddix was on the phone with Ofc. Prather at this time Mr. Bozell had not answered any questions nor did he do on his own. Mr. Prather with Det. Maddix

> on the phone on BodyCam asked if Mr. Bozell will cooperate and answer the questions and give them information the charges explained before "have a way of going away" (See BodyCam footage). It was then Mr. Bozell agreed to the oral agreement and answered all questions asked by Ofc. Maddix and Ofc. Prather. After Mr. Bozell was through Mr. Prather stated "he would see me in a couple days," this never happened. Mr. Bozell attempted to reach out through jail [personnel] and via homewar, Mr. Prather was working 3100 inside the jail and stated "he works all week this week, it will be sometime next week I can see you. If I keep asking I won't come see me." This never happened. Never saw him or Mr. Maddix. This was stated over intercom boxes that are recorded.
>
> Mr. Maddix was reached via homewar and through another individual and when mentioned about the charges and agreement Mr. Maddix stated "what charges." This conversation was on a recorded line on homewar.
>
> Mr. Prather and Mr. Maddix breached the agreement on 5-30-2023 when the charges mentioned were filed by the prosecutor and it was agreed at Mr. Bozell's time of arrest that these charges would not be filed per oral agreement made with the two officers stated in this complaint.
>
> As found nothing was ever mentioned to the prosecutor's office about the agreement and or the amount of cooperation Mr. Bozell had given in return for these charges not to be filed per agreement. See (bodyCam and in car audio and video at time of arrest.) Mr. Bozell complied and fulfilled the agreement since charges were filed Mr. Maddix and Mr. Prather failed to intervene.
>
> Mr. Bozell had no choice but to plea out to Poss. Of Paraphe[r]nalia, False Iden[t]ity Statement which Mr. Bozell was given 25 days of Incarceration day for day. 1 year probation had Mr. Maddix and Mr. Prather intervened and kept to their Oral Agreement. Mr. Bozell would have not suffered that punishment.
>
> Mr. Prather was even at Mr. Bozell's hearing on other matters and still failed to intervene.
>
> Both Officers are employed as law enforcement with the City and County. Columbus Indiana 47201.

[Filing No. 1-1 at 1-3.] He further alleges:

> Mr. Bozell has suffered mental anguish and emotional pain, hardship and detention. Mr. Bozell now has a hard time trusting authority figures due to these officers not abiding by a bind[ing] agreement made between the all of them orally and recorded on several bodycams and in car audio and video. Mr. Bozell was not mirandized.

[Filing No. 1-1 at 4.]

4

Mr. Bozell sets forth the following claims: "1) violated first amendment 2) Breach of agreement 3) Failure to intervene 4) Due process clause 5) Fourteenth Amendment 6) Fourth Amendment 7) Fifth Amendment 8) Breach of a Duty 9) Intentional infliction of emotional distress 10) Negligence by law enforcement." [Filing No. 1-1 at 3-4.]

**C. Discussion**

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence," *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), but "it is always a federal court's responsibility to ensure it has jurisdiction," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). The Court first considers whether Mr. Bozell has adequately alleged federal claims that would support the existence of federal question jurisdiction.

  1. *Federal Claims*

Mr. Bozell asserts claims for violations of the First, Fourth, Fifth, and Fourteenth Amendments and for Due Process violations. The Court addresses each claim in turn and notes that Mr. Bozell's claims appear to be based on two main allegations: (1) that Defendants told him that if he provided information he would not be charged, he provided information, but he was still charged; and (2) that he had no choice but to plead guilty to the charges due to being coerced into providing information.

The Court also notes that to the extent Mr. Bozell's success on any of his federal claims would invalidate or call into question the validity of his state court conviction – which, he alleges,

5

resulted from a guilty plea that he had no choice but to make after he provided information based on Defendants' promise that he would not be charged – those claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "[W]hen a state prisoner seeks damages [for constitutional violations], the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Such claims will only be cognizable after a plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* Mr. Bozell does not allege that any of those circumstances are present here. Accordingly, any claims that would implicate the validity of his state court conviction – such as a claim that Defendants failed to read him his *Miranda* rights before he provided them with information – are barred.

      a.  First Amendment Claim

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions…for speaking out." *Thayer v. Chiczewski*, 705 F.3d 237, 251 (7th Cir. 2012). A plaintiff must show that: "(1) he engaged in protected activity; (2) he suffered a deprivation likely to deter future protected activity; and (3) his protected activity was a motivating factor in the [defendant's] decision to retaliate." *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). Mr. Bozell does not allege that his right to free speech was encroached upon, or that he was retaliated against for speaking out. His allegation that he was charged based on information he shared does not support a claim for violation of the First Amendment. Because Mr. Bozell has not set forth facts indicating that his First Amendment rights were violated, his First Amendment claim is **DISMISSED**.

6

    b.  <u>Fourth Amendment Claim</u>

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourteenth Amendment's Due Process clause is the vehicle by which the Fourth Amendment is applicable to the states. *Torres v. Madrid*, --- U.S. ----, 141 S.Ct. 989, 996-97 (2021). Mr. Bozell does not specify how Defendants violated his Fourth Amendment rights, and the Court is not able to discern a Fourth Amendment claim based on Mr. Bozell's allegations. Mr. Bozell's Fourth Amendment claim is **DISMISSED**.

    c.  <u>Fifth and Fourteenth Amendment Claims</u>

The Fifth Amendment, which applies to states through the Fourteenth Amendment, protects an individual from self-incrimination. U.S. Const. amend. V. *See Mack v. City of Chicago*, 2023 WL 4744791, at *15 (N.D. Ill. July 25, 2023) ("The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, prohibits the use of 'involuntary' or coerced confessions in criminal cases.") "To bring a successful Fifth Amendment claim, [a plaintiff] must show (1) that his confession was involuntary and coerced, and (2) that his confession was used against him in a criminal case." *Id.* "Due process requires that a criminal conviction not be based on an involuntary confession. . . . [C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the Fourteenth Amendment*." United States v. Vallar*, 635 F.3d 271, 282 (7th Cir. 2011) (quotations and citations omitted).

The Court reads Mr. Bozell's Amended Complaint as alleging that his Fifth and Fourteenth Amendment rights were violated because Defendants promised him that if he provided information he would not be charged, he provided information, yet he was still charged. "[W]hile a false

promise of leniency may render a statement involuntary, police tactics short of the false promise are usually permissible." *United States v. Villalpando*, 588 F.3d 1124, 1128 (7th Cir. 2009). Police officers are permitted to tell a suspect that "a cooperative attitude" would be to his benefit. *Fare v. Michael C.*, 442 U.S. 707, 727 (1979). Mr. Bozell alleges that Officer Prather asked if Mr. Bozell would cooperate and said that the charges "have a way of going away." [Filing No. 1-1 at 1.] This falls short of promising Mr. Bozell that he would not be charged if he gave Defendants information, and is not sufficient to state a constitutional violation. *See Villalpando*, 588 F.3d at 1129 (officers did not make false promise of leniency when they offered "to go to bat" for defendant and sit down with the Drug Enforcement Agency, police, and defendant's probation officer to "work this out," and stated that "we don't have to charge you"); *United States v. Williams*, 2023 WL 1970326, at *8 (N.D. Ill. Feb. 13, 2023) (finding that officers' statement that "if you help us out, we'll help you. Some people just walk away from this situation without getting any charges," was not a false promise of leniency which would support suppressing defendant's statement).

Defendants' alleged statements asking Mr. Bozell if he would cooperate, answer questions, and give them information and that charges "have a way of going away" do not state a Fifth or Fourteenth Amendment claim. Further, Mr. Bozell's allegations that he was not read his *Miranda* rights and that he "had no choice but to plea out" would call into question his state court conviction, in violation of *Heck v. Humphrey*. Mr. Bozell's Fifth and Fourteenth Amendment claims are **DISMISSED**.

In sum, Mr. Bozell has failed to adequately allege a violation of his constitutional rights and, consequently, those claims are **DISMISSED**.

### 2. *State Law Claims*

Although the Court has dismissed all of Mr. Bozell's federal claims, it can exercise jurisdiction over this matter if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a). Mr. Bozell does not provide his citizenship or the citizenship of the Defendants, nor does he set forth an amount in controversy. Accordingly, the Court cannot determine whether it might have diversity jurisdiction over Mr. Bozell's state law claims. The Court can also exercise supplemental jurisdiction over the remaining state law claims, but has discretion whether or not to do so. *Carlsbad Tech, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c). The Court considers "the values of judicial economy, convenience, fairness, and comity," *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997) (quotation and citation omitted), and declines to exercise supplemental jurisdiction over those claims.

In any event, there are numerous issues with Mr. Bozell's state law claims. First, Mr. Bozell's "breach of agreement" claim requires the existence of a valid contract. Just as Defendants' alleged statement that charges "have a way of going away" did not create a promise that he would not be charged, it also did not create a valid contract. Second, Mr. Bozell's intentional infliction of emotional distress claim requires extreme and outrageous conduct, *see Fox v. Franciscan Alliance, Inc.*, 204 N.E.3d 320, 329 (Ind. Ct. App. 2023), which Mr. Bozell has not alleged. Finally, his remaining state law claims lack the necessary specificity – he has not alleged in what actions Defendants failed to intervene, what duty they breached, and how they were negligent.

In short, Mr. Bozell's state law claims are **DISMISSED** for lack of jurisdiction, but they also fail to state claims upon which relief can be granted.

The Court is mindful of Mr. Bozell's *pro se* status and its attendant duty to construe his pleadings liberally.  *See, e.g.*, *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019).  Nevertheless, because Mr. Bozell has not set forth a plausible federal claim for relief, his Amended Complaint must be dismissed.  Consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, *see id.*, Mr. Bozell shall have until **September 1, 2023** to file a Second Amended Complaint that addresses the deficiencies noted above and provides "a short and plain statement of the claim[s] showing that [he] is entitled to relief," Fed. R. Civ. P. 8.  Mr. Bozell is cautioned that he may not assert federal claims that call into question his state court conviction without showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 487.  If Mr. Bozell files a Second Amended Complaint, Defendants must answer or otherwise plead in accordance with the Federal Rules of Civil Procedure.

## III.
### CONCLUSION

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. The Court **GRANTS IN PART** Officer Prather's Motion to Screen, [7], to the extent that it has screened Mr. Bozell's Amended Complaint.  The Court **DENIES IN PART AS MOOT** Officer Prather's Motion to Screen, [7], to the extent that Officer Prather requests that the Court stay the deadline for Defendants to respond to the Amended Complaint.

2. Mr. Bozell's Amended Complaint, [1-1], is **DISMISSED WITHOUT PREJUDICE**.

3. Mr. Bozell shall have until **September 1, 2023** to file a Second Amended Complaint that addresses the deficiencies outlined in this Entry and otherwise complies with federal pleading standards.  Failure to do so may result in dismissal of this case.  If Mr. Bozell files a Second Amended Complaint,

Defendants must answer or otherwise plead in accordance with the Federal Rules of Civil Procedure.

Date: 8/2/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

David Bozell
5183 Vance St.
Columbus, IN 47201